kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDY L. WOOD and LARRY WOLF** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 08-2391-JAR** |
| **SUNDANCE PROFESSIONAL** ) | |
| **SERVICES, LLC and JOHN** ) | |
| **STUBLER, III,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) (Doc. 7). Defendants Sundance Professional Services, LLC and John Stubler have not filed a response to plaintiff's motion and time to do so has expired. For that reason, among others discussed below, plaintiffs' motion will be granted.

## **Background**

Plaintiffs Randy Wood and Larry Wolf are former employees of Sundance. They brought this action against Sundance and Stubler, as a member or partner of Sundance, to recover damages for violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and § 216. According to the complaint,[1] Sundance is a Kansas limited liability construction company that constructs modular office buildings. Plaintiffs, along with twenty other past and current

---

[1] Plaintiff Randy Wood also brings a claim for wrongful termination, which is not relevant for purposes of the motion to certify. Plaintiff claims that he was dismissed when he found mold at a construction site and developed a rash. He complained to his foreman and Stubler, hoping to determine if the mold was a cause of his injury. Based on his complaints, plaintiff was fired and he was never provided evidence that the mold was not dangerous.

employees,[2] were hired to perform construction work in various cities for Sundance's customers and were characterized as independent contractors for employment purposes. That characterization as independent contractors, however, was inaccurate because they were actually non-exempt employees under FLSA. Sundance and Stubler characterized the employees as independent contractors so that the company and Stubler could avoid paying taxes, including FICA contributions to the state and federal government.

As independent contractors for Sundance, plaintiffs and the other twenty employees were paid a daily wage depending on the number of hours worked, but were never paid overtime. While in cities away from home, plaintiffs were provided hotel accommodations and meals. On numerous occasions, plaintiffs worked more than forty hours per week and were not paid overtime. Plaintiffs claim that they, as well as the other twenty employees, are entitled to damages under the FLSA.

In his affidavit, Plaintiff Larry Wolf declares that he routinely worked over forty hours per week and was never compensated because he was characterized as an independent contractor. He explains that he believes he was an employee, however, because he was assigned where to work, when to work, given tools to complete his job, and was supervised by Sundance and Stubler. Wolf states that he exercised no independent judgment in regards to his work. He was provided an IRS form 1099 for each year. Twenty other employees, past and present, are similarly situated.

## Discussion

Plaintiffs seek to conditionally certify their FLSA claim as a collective action under 29

---

[2] Plaintiffs limit their allegations to employees for the past three years.

U.S.C. § 216(b). Under § 216(b), the court may certify an opt-in class action where the complaining employees are similarly situated.[3] In the Tenth Circuit, there is a two-step inquiry in determining whether employees are similarly situated for purposes of § 216(b).[4] The first step occurs at the "notice stage" of proceedings. Here, the court determines if certification is proper for purposes of sending notice of the action to potential class members.[5] At this stage, nothing more than substantial allegations that the putative class members were employees of defendant subject to a single decision or policy is required, making the standard quite lenient.[6] At the completion of discovery, the court applies a heightened standard to the grant of certification to assure that plaintiffs are similarly situated.[7] During the second phase, the court reviews a number of factors, including the factual settings of individual employees, the various defenses available to the defendant and applicable to individual plaintiffs, and the fairness of certification.[8]

The motion currently pending is one for conditional certification. Based on the lenient standard, this Court finds that plaintiffs have made substantial allegations that the putative class is similarly situated. The allegations make clear that plaintiffs are classified as independent contractors, but are or were really non-exempt employees under the FLSA. The putative class is

---

[3] *See* 29 U.S.C. § 216(b).

[4] *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[5] *Id*. at 1102.

[6] *Id*.; *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[7] *Thiessen*, 267 F.3d at 1102-03.

[8] *Id*. at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198, 2009 WL 352603 at *4 (D. Kan. Feb. 12, 2009).

made up of plaintiffs who traveled and assembled modular buildings for Sundance's customers and were paid a daily wage plus accommodations and food when away from home. The putative class employees frequently worked more than forty hours per week and never received overtime compensation as required by the FLSA. Finally, Wolf's affidavit asserts that the other employees performed similar tasks. Defendants have not filed a response to this motion

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) (Doc. 7) is Granted. The parties are ordered to provide notice to the similarly situated current and former employees for the last three years.

**IT IS SO ORDERED.**

Dated: February 26, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE